IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND DORMAN, | § | |
| | § | No. 391, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 86010323DI (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 31, 2022
Decided: February 2, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# <u>ORDER</u>

After careful consideration of the notice to show cause and the appellant's responses thereto, it appears to the Court that:

(1) On December 8, 2021, the appellant, Raymond Dorman, filed a notice of appeal from the Superior Court's October 20, 2021 order summarily dismissing his untimely motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal was due on or before November 19, 2021.

(2) On December 9, 2021, the Senior Court Clerk issued a notice directing Dorman to show cause why his appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Dorman alleges that he failed to file a timely

notice of appeal because he has not been able to obtain documents from the prison library. In his supplemental response to the notice to show cause, Dorman argues that his motion for postconviction relief should not have been summarily dismissed.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]

(4) There is nothing in the record that reflects that Dorman's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).